Revoir *et al. v.* The State, *ex rel.* Branyan, Prosecuting Attorney.

Filed April 4, 1894.

---

No. 16,653.

REVOIR ET AL. *v.* THE STATE, EX REL. BRANYAN, PROS-
ECUTING ATTORNEY.

INDIAN LANDS.—*When Subject to Taxation.—Exemption by Ordinance of 1787.*—Under the ordinance of 1787, article 3, providing that the lands of the Indians should "never be taken from them without their consent," and under the agreement of the State of Indiana, when admitted into the Union, to protect them in that right, the lands of the Indians reserved or allotted to them by the United

States government are exempt from taxation, so long as such lands are held and acquired through such tribal relations; but when any of such lands passes to a white man, they are released from tribal conditions, and are subject to taxation, even though they be subsequently reconveyed to Indians.

From the Huntington Circuit Court.

*B. M. Cobb,* for appellants.

*A. G. Smith,* Attorney-General, *M. L. Spencer, W. A. Branyan, S. E. Cook,* Prosecuting Attorney, and *T. E. Ellison,* for appellee.

HACKNEY, J.—The question here is as to the right to subject to taxation certain lands in Huntington county. The lands are part of a tract allotted by the United States government to Francis Godfrey, a Miami Indian, and patented to his son, Poqua Godfrey.

The evidence discloses that through a decree enforcing specific performance, said lands were conveyed to Anthony Revoir, the ancestor of the appellants Revoir, and that the same had been owned theretofore by one Barthall, a white man. Said Anthony Revoir's contract, so enforced, having been executed in an exchange by him of a certain tract of land on St. Mary's river, near the mouth of Twenty-Seven-Mile creek, in the State of Ohio, with James Godfrey, a son of said Poqua Godfrey.

The appellant Kol-so-que Revoir is the widow of said Anthony Revoir, whose Indian name was Sho-pen-oin-ah, and the appellant Anthony Revoir is his son. They are both Miami Indians, and claim that said lands are exempt from taxation, by reason of the provisions of article 3 of the ordinance of Congress of July 13, 1787; R. S. 1881, p. 1430.

The appellants ignore the fact that the lands in question at one time were owned by a white man, and that it is through that source that their title is derived, but they

claim, as we understand the brief of their counsel, that Kol-so-que Revoir, being a sister of said James Godfrey, is entitled to hold said lands by descent from said James Godfrey.

When it is remembered that James Godfrey parted with these lands, acquiring lands in Ohio therefor, and that the record does not disclose the absence of descendants of said James Godfrey nearer in line under the law than his sister, there is but little room for the claim of ownership by descent.

The ordinance of 1787 provided that the lands of the Indians should "never be taken from them without their consent," and the State of Indiana agreed to protect them in that right when admitted into the Union as a State. This provision has been held to exempt from taxation the lands contemplated by it.  *Board, etc.,* v. *Simons,* 129 Ind. 193.

The question, therefore, remains—did that provision contemplate all lands that might be acquired by purchase, or did it include only such as by treaty stipulations were granted to, and should thereafter descend from, such Indians, and while held by them under such grant or by such descent?

The lands in question were, by treaty, reserved to the Miami Indians, and, as we have said, were granted to said Poqua Godfrey, representing the head of one family in that tribe.  By the consent of the grantee, the title to said lands passed to a white man.  If the exemption was intended to protect the Indian in his holding of lands granted to him by the government, it is manifest that it was not a privilege passing with and exempting the lands as the property of white men.  If this special privilege was intended to pass with the land, it would necessarily have returned with it from Barthall to the Indians, Revoir, and would now exempt it.  If, for the protection

Revoir *et al. v.* The State, *ex rel.* Branyan, Prosecuting Attorney.

of the Indian, in holding lands acquired by him from the goverment, as we think it was, and if it did not pass to the white man, but was surrendered by Godfrey's conveyance to the white man, then it follows that other Indians, the Revoirs, took the lands with no exemption. Nor can it be said, with reason, we believe, that the exemption was to protect the Indian in whatever lands he might acquire, and from whatever source, for this would enable him to exempt holdings acquired from without reservations and to any extent, and would render meaningless the words of the ordinance, "without their consent," since these words necessarily imply a parting with the privilege if consent be given. When the lands passed to a white man, they were released from tribal conditions, and surrendered tribal advantages not to be restored in the absence of express legislation. These conclusions are fully sustained by the cases of *Peck* v. *Board, etc.*, 4 Dillon, 370; *Commissioners of Miami Co.* v. *Brackenridge,* 12 Kan. 114, and authorities there cited.

We conclude, therefore, that the lands in question are subject to taxation, and the judgment of the circuit court is affirmed.

DAILEY, J., did not participate in this case.

Filed April 5, 1894.